**E-FILED**
Friday, 12 May, 2006  08:28:49 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

PHILLIP C. JOBE,                    )
                                    )
          Plaintiff,                )
                                    )
     v.                             )          Case No. 03-1401
                                    )
DONALD E. RAGER, and THE            )
UNIVERSITY OF ILLINOIS,             )
                                    )
          Defendants.               )

## <u>O R D E R</u>

This matter is now before the Court on Defendants Bill of Costs.  Plaintiff, Phillip Jobe ("Jobe"), has filed his objections to the Bill of Costs.  Defendants have made no response to Jobe's objections, and this Order follows.

### DISCUSSION

Having won summary judgment in their favor, Defendants have submitted a Bill of Costs pursuant to Federal Rule of Civil Procedure 54(d), seeking to recover $10,424.71.  "[C]osts . . . shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ."  Fed. R. Civ. P. 54(d)(1).  The costs that may be recovered pursuant to Rule 54(d)(1) are specified in 28 U.S.C. § 1920.  *See* <u>Crawford v. Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 441 (1987).  They include: (1) fees of the clerk and marshal; (2) fees of the court reporter; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of "papers necessarily obtained for use in the case"; (5) docket fees; and (6) compensation of court appointed experts and interpreters.  28 U.S.C. § 1920.

Rule 54(d) creates a strong presumption favoring the award of costs to the prevailing party.  *See* <u>Weeks v. Samsung Heavy Indus. Co., Ltd.</u>, 126 F.3d 926, 945 (7th Cir. 1997).

"The presumption is difficult to overcome, and the district court's discretion is narrowly confined – the court must award costs unless it states good reasons for denying them." Id. (citation omitted).  The losing party must affirmatively demonstrate the prevailing party is not entitled to costs.  See M.T. Bonk Co. v. Milton Bradley Co., 945 F.2d 1404, 1409 (7th Cir. 1991).  Here, Jobe does not object to the award of costs, but challenges several specific items as unreasonable or unrecoverable.

      1.    Fees for Service of Subpoenas

Defendants seek $252.00 for service of subpoenas.  Jobe objects that this amount should be disallowed because Defendants have provided inadequate information in support of this request.  The Court agrees.  Although Defendants filing includes copies of a check for $112.00 and $140.00 paid for this purpose, the record is devoid of any information establishing the name of the person served, the time spent, the rate charged, or the mileage incurred, and Defendants have made no effort to supplement their filing to provide such information.  Accordingly, the Court has no basis to evaluate the request or determine whether the fees incurred are in conformity with the rates that the United States Marshal Service would have charged.  The requests for costs for fees for service is therefore denied.

      2.    Fees of the Court Reporter

Defendants seek $6,165.35 as fees of the court reporter.  In Cengr v. Fusibond Piping Systems, Inc., 135 F.3d 445, 455 (7th Cir. 1998), the Seventh Circuit stated, in the context of deposition costs, "The proper inquiry is whether the  deposition was 'reasonably necessary' to the case at the time it was taken, not whether it was used in a motion or in court." (Citations omitted).  Jobe does not challenge that any of the depositions claimed

were not reasonably necessary for use in this case.  Rather, he challenges some of the page rates charged, as well as other incidental fees associated with the transcripts.

In <u>Cengr</u>, the Seventh Circuit held that page rates for deposition transcripts by private reporters are limited to those set by the U.S. Judicial Conference. 135 F.3d at 455. The current rate set by the Judicial Conference is $3.30 per page, and Defendants are not entitled to recover any costs above this rate. As Jobe's November 9, 2004, deposition was billed at a rate of $3.55 per page, the cost must be reduced by $.25 per page for a total reduction of $54.50 (218 pages x $.25).  Jobe's November 30, 2004, deposition was billed at a rate of $3.39 per page, necessitating a reduction by $.09 per page for a total reduction of $22.59 (251 pages x $.09).  Jobe's February 21, 2005, deposition was billed at a rate of $3.55 per page and will be reduced by $20.25 (81 pages x $.25).  The deposition of Jill Kimm was billed at the rate of $3.40 per page and must therefore be reduced by $7.20 (72 pages at $.10).

With respect to the depositions of Sarah Zallek, Dean Gravelin, Donald Rager, Justi Rao, and Hazel Williamson, the invoices submitted fail to indicate the number of pages billed or whether the cost includes an attendance fee or any other surcharges.  Despite Jobe's objections to the inadequacy of the documentation, Defendants have made no effort to provide supplemental documentation detailing these costs.  Accordingly, the $435.50, $281.50, $366.00, $360.40, and $126.55 claimed for the depositions of Zallek, Gravelin, Rager, Rao, and Williamson respectively will be disallowed.

The invoice submitted for the deposition of Eugene Woods seeks costs in the amount of $257.05 for a copy of the 97 page deposition.  Likewise, a copy of Anthony Graham-White's 78 page deposition is billed at $206.70, a copy of Michael Bailie's 225

page deposition is billed at $607.50, and a copy of the 181 page deposition of Gerald Moss was billed at $488.70.  As the Judicial Conference rate for a copy is $.83 per page, the transcript costs must be reduced by $176.54 (97 pages x $1.82), $141.96 (78 pages x $1.82), $420.75 (225 x $1.87), $338.47 (181 pages x $1.87) respectively.

Jobe also objects to certain charges for the copying of exhibits, delivery charges, and administrative fees.  As such charges are generally disallowed, the Court declines the following costs: (1) $9.40 in copies for the Graham-White and Woods depositions; (2) $7.80 in copies for the Baillie deposition; (3) $14.20 in copies for the Moss deposition; (4) $10.00 in delivery charges for Jobe's first deposition; (5) $10.00 in delivery charges for Jobe's second deposition; (6) $10.00 in delivery charges for Jobe's third deposition; (7) $4.50 in delivery charges for the Graham-White and Woods depositions; (8) $10.00 in delivery charges for the Kimm deposition; (9) $4.50 in delivery charges for the Baillie deposition; and (10) $5.50 in delivery charges for the Moss deposition.

After the reductions to comply with the Judicial Conference payment schedule and costs disallowed, the total award for the fees of the court reporter will be $3,327.24.  The Court further notes that Defendants seek another $1,115.00 in fees of the videographer.  As it is inappropriate to recover fees for both deposition transcripts and videography, the entire amount claimed for videography fees is disallowed.  Barber v. Ruth, 7 F.3d 636, 645 (7th Cir. 1993).

   3.   Fees for Witnesses

Defendants next seek $1,987.36 in witness fees.  Witness fees are governed by 28 U.S.C. § 1821, which provides:

> A witness shall be paid an attendance fee of $40 per day for each day's attendance.   A witness shall also be paid the

- 4 -

attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance. . . . A travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to section 5704 of Title 5, for official travel of employees of the Federal Government shall be paid to each witness who travels by privately owned vehicle.  Computation of mileage under this paragraph shall be made on the basis fo a uniformed table of distances adopted by the Administrator of General Services. . . . A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day. . . .

28 U.S.C. §§ 1821(c) and (d).

Defendants seek $40.00 attendance fees for Gravlin, Zallek, Crnkovich, and Kimm. Jobe does not dispute these fees, nor does he dispute $40.00 of the $67.36 in fees sought for Faingold.  However, he does dispute the remaining $27.36 sought for Faingold, as there is no information identifying what the additional amount represents.  Accordingly, there is no basis for determining whether the additional $27.36 was reasonable and within the parameters of § 1821.  As such, the additional amount must be disallowed.

Defendants also seek $800.00 in witness fees for Crnkovich and another $960.00 in fees for Kimm, which appear to represent amounts paid to compensate them for their time in appearing for their depositions.   As it is well settled that amounts paid as compensation or fees to "experts" are not properly taxed as costs, these amounts must also be disallowed.  Chicago College of Osteopathic Medicine v. George A. Fuller Co., 801 F.2d 908, 909-10 (7th Cir. 1986).   Accordingly, the amount allowed for witness fees is reduced to $200.00.

4.     <u>Exemplification of Copies</u>

Defendants  seek $905.00 in copying costs/printing.  Pursuant to 28 U.S.C. § 1920, the costs of photocopies "of papers necessarily obtained for use in the case" are recoverable by the prevailing party.  As previously discussed with respect to deposition costs, the Seventh Circuit found in <u>Cengr</u> that "[t]he proper inquiry is whether the deposition was 'reasonably necessary' to the case at the time it was taken, not whether it was used in a motion or in court."  135 F.3d at 455.  While the court of appeals was addressing deposition costs, this Court believes that this rationale is equally applicable to costs for photocopying.  Accordingly, the proper inquiry is whether the photocopies were reasonably necessary to this case at the time they were made.  Additionally, although the prevailing party is "not required to submit a bill of costs so detailed as to make it impossible economically to recover photocopying costs," <u>Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble Co.</u>, 924 F.2d 633, 643 (7th Cir. 1991), a bill of costs must be sufficiently detailed to enable a court "determine whether the copies in question were reasonably necessary for use in the case, [or else] the claim for costs should be denied," <u>Arachnid, Inc. v. Valley Recreation Prods., Inc.</u>, 143 F.R.D. 192, 194 (N.D. Ill. 1992).

Defendants have submitted an itemization of copying charges/printing that is computed at a rate of $.20 per page.  This Court has routinely authorized photocopying costs of up to $.20 per page as reasonable in this area.  Jobe argues that the only costs appropriately awarded for copying are for copies that were actually prepared for use in presenting evidence to the Court.  With all due respect, this Court has never construed copying costs in such a narrow manner.  Defendants have submitted an itemized statement

that provides sufficient detail to permit the determination that the copies were necessarily made for use in the case.

That being said, the statement indicates that Defendants are seeking reimbursement for two copies of every document.  While the first copy is properly recoverable, the second copy is merely for attorney convenience, and the Court will not allow Defendants to shift that portion of the cost to Jobe.  Accordingly, after eliminating the costs for the second copy, the Court awards $452.50 as copying costs.

### CONCLUSION

For the reasons set forth above, the Court awards $3,979.74 as costs in this case. Such costs shall be taxed in favor of Defendants and against Jobe.

ENTERED this 11th day of May, 2006.


s/ Michael M. Mihm
Michael M. Mihm
United States District Judge